United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 29, 2025

Nathan Ochsner, Clerk

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| 9/0 TRANSPORT & SALES, INC., | § | Case No. 25-20016 |
| | § | |
| **Debtor** | § | **Subchapter V** |

**ORDER**
**CONFIRMING DEBTOR'S PLAN OF REORGANIZATION**
**PURSUANT TO 11 U.S.C. § 1191(a)**

The Court held a hearing (the "*Confirmation Hearing*") to consider confirmation of the subchapter V plan of reorganization, ECF No. 45, together with the plan supplement, ECF No. 91, (the "*Plan*") filed by 9/0 Transport & Sales, Inc. (the "*Debtor*"). Having considered the Plan, testimony, declarations, ballot summary, liquidation analysis and other evidence admitted at the Confirmation Hearing, the arguments of counsel and the applicable legal authorities, the Court hereby confirms the Plan and makes and issues the following findings of fact and conclusions of law (the "*Confirmation Order*").[1]

### I.   JURISDICTION, VENUE & CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[2] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (L) this proceeding involves

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the Plan.  All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, unless otherwise indicated.

[2] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

primarily core matters as it "concern[s] the administration of the estate and confirmation of a chapter 11 plan."[3] Furthermore, this Court may only hear a case in which venue is proper. Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Debtor's main chapter 11 case is presently pending in this Court and therefore, venue of this proceeding is proper. The pending matter before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order.[4]

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52.  To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such.  To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such.  This Court made certain oral findings and conclusions on the record.  This order supplements those findings and conclusions.  If there is an inconsistency, this Order controls.

On January 17, 2024 (the "*Petition Date*"), the Debtor's commenced this bankruptcy case (the "*Case*") by filing a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code. The Debtor has continued as a Debtor in possession pursuant to 11 U.S.C. §§ 1108 and 1184

On J a n u a r y  2 7 ,  2 0 2 5 , the Office of the United States Trustee filed a Notice of Appointment of Subchapter V Trustee, ECF No. 25, appointing Melissa Haselden as the subchapter V trustee (the "*Subchapter V Trustee*") pursuant to 11 U.S.C. § 1183(a).

As of the petition date, the Debtor was and continues to be eligible for relief under 11

---

[3] 11 U.S.C. § 157(b)(2).
[4] *Stern v. Marshall*, 564 U.S. 462 (2011).

U.S.C. § 109 and subchapter V of the Bankruptcy Code, and the Debtor is the proper proponent of the Plan under 11 U.S.C. § 1189.

The Debtor complied with 11 U.S.C. §1189(b). The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a). The Plan and Confirmation Hearing Notice were each transmitted and served in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

The solicitation of the Plan complied with the Bankruptcy Code and Bankruptcy Rules, was appropriate and satisfactory based upon the circumstances of the Case, was conducted in good faith, and was in compliance with 11 U.S.C. §§ 1125, 1126, and all other applicable sections of the Bankruptcy Code and Bankruptcy Rules.

All parties required to be given notice of the bankruptcy, all deadlines in the Case, the Plan, and the Confirmation Hearing have been provided due, proper, timely, and adequate notice and had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

The Plan complies with 11 U.S.C. § 1190 because it contains a brief history of Debtor's business operations; a liquidation analysis; projections with respect to the Debtor's ability to make the payments under the Plan; and the submission of all or a portion of the subchapter V debtor's post-petition income from future earnings to the supervision and control of the trustee as is necessary for the execution of the plan.

The Debtor, as proponent of the Plan, has meet the burden of proving the applicable elements of 11 U.S.C. §§1191(a) by a preponderance of the evidence.

Accordingly, it is therefore

**ORDERED:** that

1.      The Plan of Reorganization filed by the Debtor on April 17, 2025 (ECF No. 45) and Plan Supplement filed on July 25, 2025 (ECF No. 91)and attached hereto as **Exhibit A**, is hereby CONFIRMED and approved in each and every respect as a consensual plan pursuant to 11 U.S.C. § 1191(a), with the modifications set forth below. The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order. The Plan shall be effective and binding upon entry of this Confirmation Order but subject to the occurrence of the Effective Date. The terms of the Plan and the Debtor'(s) or Reorganized Debtor'(s) entry into any related documents and performance thereunder, including, without limitation, all documents necessary to implement the transactions contemplated under the Plan, are hereby approved and authorized. The Debtor and reorganized Debtor are authorized to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, agreements and other documents contemplated by the Plan.

2.      To the extent any objections to confirmation of the Plan have not been resolved or withdrawn, any such objections are hereby overruled.

3.      Pursuant to 11 U.S.C. § 1183(c)(2), not later than fourteen (14) days after Debtor's plan is substantially consummated, Debtor must file with the court and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest notice of such substantial consummation and file such notice with the Clerk of Court.

4.      In the event of a conflict between provisions of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.  The provisions of the Plan Supplement control over any conflicting provision in the plan filed at ECF No. 45.

5.      Within three (3) calendar days after entry of this order, the Debtor must serve notice of entry of this Confirmation Order, ("*Notice*"), pursuant to Bankruptcy Rule 3020(c). The Notice

must be sent to all creditors and parties-in-interest by first class mail, postage prepaid. The Debtor must thereafter promptly file a copy of such Notice with proof of mailing with the Clerk of Court.

6.      The provisions of the Plan, and any documents executed in conjunction with the Plan, and this Confirmation Order are effective as of the entry of this Confirmation Order, but subject to the occurrence of the Effective Date, to the fullest extent of applicable law including, without limitation, 11 U.S.C. § 1141, the Plan and this Confirmation Order shall be binding on: (a) the Debtor; (b) all holders of claims and Interests, irrespective of whether they are Impaired under the Plan and whether or not such holders of claims and Interests voted to accept the Plan; and (c) each person or entity acquiring property under the Plan. The Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

7.      The following Nonmaterial Plan Modifications are hereby approved:

   a.   Nothing contained in this Order or the Plan releases or discharges any non-debtor parties from liability for any claims against them, nor do any Plan provisions enjoin or restrain any party from asserting any claim or taking any action allowed by law or contract against any non-debtor party.

   b.   Notwithstanding anything to the contrary contained within the Plan or approved Disclosure Statement, the Secured Tax Claims owing to LIVE OAK CAD (referred to herein as "Taxing Jurisdiction") shall be paid by the Debtor, pursuant to the provisions of 11 USC §1129 (a) (9) (C), in equal monthly installments, commencing thirty days from the Plan's Confirmation Date and ending sixty months from the petition date. The Claims shall bear interest at the statutory rate of 12% per annum from the date of filing of this case until said taxes are paid in full.

Taxing Jurisdiction shall retain all liens until such taxes are paid in full. In the event that any part of the property securing the tax claim is sold during the term of the Plan, the unpaid taxes secured by said property shall be paid in full upon the sale of the property.   If any property which secures the ad valorem tax claims is foreclosed by any lienholder, Taxing Jurisdiction shall be free to pursue its state law remedies for collection of all amounts due under the Texas Property Tax Code.

Default shall occur if one monthly installment due to Taxing Jurisdiction under the confirmed Plan is not paid by Debtor or if post-confirmation taxes are not paid timely pursuant to state law or payment agreement with the Taxing Jurisdiction.  In the event of default the Taxing Jurisdiction shall send written notice of default to Debtor's attorney and Debtor.  If the default is not cured within twenty (20) days after notice of the default is mailed, the Taxing Jurisdiction may proceed with state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code.  The Debtor has the opportunity to cure two (2) times over the life of the Plan.  In the event of a third default, the Taxing Jurisdiction may proceed with the state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code.

c.   Notwithstanding anything else to the contrary in the Plan or Confirmation Order, these provisions will govern the treatment of the claims of the Comptroller of Public Accounts (the "Comptroller") and Texas Workforce Commission ("TWC"): (1) nothing provided in the Plan or Confirmation

Order shall affect or impair any statutory or common law setoff rights of the Comptroller or TWC in accordance with 11 U.S.C. § 553; (2) nothing provided in the Plan or Confirmation Order shall affect or impair any rights of the Comptroller or TWC to pursue any non-debtor third parties for tax debts or claims, and the Comptroller and TWC specifically opt out of any third party releases, if any; (3) nothing provided in the Plan or Confirmation Order shall be construed to preclude the payment of interest on the Comptroller or TWC's administrative expense tax claims; (4) to the extent that interest is payable with respect to any administrative expense, priority or secured tax claim of the Comptroller or TWC, the interest rate shall be the statutory interest rate; and (5) nothing provided in the Plan or Confirmation Order impacts the governmental claims bar date, and Comptroller and TWC may amend their claims at any point.

The Comptroller and TWC shall not be required to file any proof of claim, motion, or request for payment to be paid for any administrative claims. The Comptroller and TWC shall not be required to file any proof of claim, motion, or request for payment to be paid for any obligations that arise or have arisen in the ordinary course of the Debtor's business, including all post-petition taxes incurred by the Debtor after the Petition Date. All post-petition taxes owed to the Comptroller and TWC shall be paid in full with applicable interest on or before the Effective Date, or as otherwise agreed by the Comptroller or TWC, whichever is the pertinent respective agency. If any post-petition taxes or Administrative Claims owed

to the Comptroller or TWC are not due on the Effective Date, then such post-petition taxes or Administrative Claim shall be paid in the ordinary course of business in accordance with applicable law.  Debtors shall timely file and pay the 2025 Texas Franchise Tax return by the statutory deadline. All secured or priority tax claims owed to the Texas Comptroller or TWC shall be paid in full either (1) on the Effective Date; (2) in equal monthly installments of principal and interest no later than sixty months after the Petition Date, with the first payment due on the Effective Date; or (3) as otherwise agreed to by the pertinent respective agency. The Comptroller and TWC's priority or secured tax claims shall accrue interest at the statutory rate of interest until paid in full.

A failure by the Debtor or Reorganized Debtor to make a plan payment to an agency of the State of Texas, comply with the language herein, or file and pay ongoing tax obligations to the State of Texas shall be an Event of Default. If the Debtor or Reorganized Debtor fails to cure an Event of Default as to an agency of the State of Texas within seven (7) days after service of a written notice of default by email to Debtor's counsel at chip.lane@lanelaw.com, then that agency may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies available under applicable non-bankruptcy law; and (c) seek such relief as may be appropriate in this court.  The Debtor and/or Reorganized Debtor can receive up to three (3) notices of default, however, the third default cannot be cured. The Texas Comptroller and TWC preserve all available

bankruptcy and state law remedies, if any, in the event of default of payment on claims as laid out herein above.

Debtor shall file all delinquent returns due and owing to the Comptroller and TWC on or before Effective date and stay current on filings thereafter. Notwithstanding anything to the contrary in the Plan or this Order, the Debtor will retain documents for the four-year inspection period set forth in Texas Tax Code § 111.0041(a) (or for any pending audits, the later of four years or the time any and all claim(s) based on such audit are resolved).

d.  BMO Bank NA (Class #1e) shall have a secured claim amount of $25,000.00. The secured claim will be paid, with interest of 8.5% per annum in sixty (60) monthly installments of $471.88 beginning the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months. The deficiency in the amount of $3,004.34 will be classified and treated as a general unsecured claim.

e.  Debtor will pay the claim of the Internal Revenue Service (Class #2) in full at 7.00% per annum in monthly payments beginning 30 days after the Effective Date for 60 months at $5,248.37.

f.  Ally Bank (Class #1c) shall have a secured claim in the amount of $30,825.00. The secured claim will be paid, with interest of 8.5% per annum in sixty (60) monthly installments of $632.42 beginning the 15th day of the calendar month following the effective date of the plan and continuing on

the 15th day of each month for the sixty (60) months. The deficiency in the amount of $1,669.83 will be classified an treated as a general unsecured claim.

8.      All of the Debtor's assets shall be granted, released, assigned, conveyed, transferred, and delivered as of the Effective Date to the Reorganized Debtor pursuant to 11 U.S.C. §§ 1123(a)(5)(B) and 1123(b)(3)(B) and in accordance with the Plan and Confirmation Order, and as of the Effective Date, free and clear of any and all liens, claims, encumbrances, and interests (legal, beneficial, or otherwise) of all other persons and governmental units to the maximum extent contemplated by and permissible under 11 U.S.C. § 1141(c) for the uses and purposes as specified in the Plan and this Confirmation Order.

9.      The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety subject to the modifications set forth herein. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order, subject to the modifications set forth herein, and shall have the same binding effect of every other provision in the Plan, whether or not mentioned in this Confirmation Order.

10.      The Debtor and its respective agents and attorneys are hereby authorized, empowered, and directed to carry out the provisions of the Plan and to perform the acts and execute and deliver the documents as are necessary or appropriate in connection with the Plan and this Order.

11.      Nothing in this Confirmation Order or the Plan shall in any way operate to, or have the effect of, impairing or extinguishing in any respect any causes of action disclosed on Debtor's

schedules or arising under chapter 5 of the Bankruptcy Code or any other claims or defenses owned by the Debtor on the Effective Date, and the Debtor shall retain such claims as provided in the Plan, including any claims or defenses that may not have been defined in the Plan but are nonetheless owned by the Debtor on or before the Effective Date. After the Effective Date, the Debtor may, in accordance with the provisions of the Plan, evaluate and determine whether to pursue any such retained claims.

12.     Except as otherwise expressly provided in the Plan, all payments and other distributions to be made under the Plan shall be timely and proper if mailed by first class mail on or before the date of distribution provided for in the Plan to the address listed in the creditor's proof of claim filed in this case, or, if no proof of claim is filed, to the creditor's last known mailing address.

13.     Debtor shall be and is hereby discharged to the extent and as provided by 11 U.S.C. § 1141(d)(1), except that Debtor will not be discharged of any debt or obligation: (i) imposed by this Plan; (ii) excepted from discharge under 11 U.S.C. § 523 as provided by 11 U.S.C. § 1141(d)(2) if the Debtor is an individual; and (iii) to the extent provided in 11 U.S.C. § 1141(d)(6) if the Debtor is a corporation.

14.     The Debtor and all holders of Claims and Interests are bound by the Plan within the meaning of 11 U.S.C. § 1141.

15.     The Court shall retain jurisdiction of this case for all purposes provided in 11 U.S.C. §§ 1127(b) and 1142, and Bankruptcy Rule 3020(d).

16.     Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan, all the property of the Estate vests in the Debtor. Except as provided in 11 U.S.C. § 1141(d)(2) and (3), and except as otherwise provided in the Plan or in this Confirmation Order, after Confirmation of

the Plan, the property dealt with by the Plan is free and clear of all Claims and Interests of creditors. If the Debtor's bankruptcy case is subsequently converted to Chapter 7, all property of the Debtor shall automatically revest and become property of the bankruptcy estate of the Debtor in the converted Chapter 7 case.

17.     No later than fourteen (14) calendar days from the Effective Date of the confirmed Plan, all professionals, including the Subchapter V Trustee, must file all final fee applications, pursuant to Fed. R. Bankr. P. 2016; and Debtor must file a motion for final decree, pursuant to Fed. R. Bankr. P. 3022 and 11 U.S.C. § 1106(a)(7).

18.     Pursuant to 11 U.S.C. § 1183(c)(2), not later than 14 days after Debtor's plan is substantially consummated, Debtor must file with the court and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest notice of such substantial consummation and file such notice with the Clerk of Court.

19.     Upon substantial consummation of the Plan, the duties of the Subchapter V Trustee in the Debtor's bankruptcy case shall terminate as provided under 11 U.S.C. § 1183(c)(1). Nevertheless, the Subchapter V Trustee is not discharged pursuant 11 U.S.C. § 350(a) until such time as the Court enters its final decree and closes the case.

20.     Not later than sixty (60) days after the Plan has been substantially consummated the Subchapter V Trustee must file with the Clerk of Court a Report of No Distribution (NDR) or Final Report (TFR).

21.     Debtor must request a hearing date on all final motions including the motion for final decree.

22.     Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated in the Plan, the laws

of the State of Texas, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control.

23.     This Confirmation Order is a Final Order which shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the period in which an appeal must be filed shall commence upon the entry hereof.

Signed: August 29, 2025

_____
Marvin Isgur
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| 9/0 TRANSPORT & SALES, INC., | § | |
| | § | |
| | § | BANKRUPTCY CASE NO. 25-20016 |
| | § | |
| DEBTOR | § | |

### SUBCHAPTER V DEBTOR'S PLAN DATED APRIL 17, 2025

This is the Plan of Reorganization in the subchapter V case of 9/0 Transport & Sales, Inc. (the "Debtor"). You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. You may wish to consult an attorney about your rights and your treatment under the Plan.

### NONSTANDARD PROVISIONS

☐ **If this box is checked, the Plan contains nonstandard provisions in Article 6.**

### SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS

Debtors' Plan of Reorganization provides for the continued operations of the Debtors to make payments to its creditors as set forth in this Plan. Debtors proposed to pay allowed unsecured based on the liquidation analysis and cash available. Debtors anticipate having enough business and cash available to fund the plan and pay the creditors pursuant to the proposed plan. It is anticipated that after confirmation, the Debtors will continue in business. Based upon the projections, the Debtors believes it can service the debt to the creditors. Debtors seek to confirm a consensual plan of reorganization so that all payments to creditors required under the Plan will be made directly by the Debtors to its creditors. If the Debtors must seek confirmation of this Plan pursuant to § 1191(b), then the Subchapter V Trustee will act as payment administrator under the Plan.

### ARTICLE 1
### RELEVANT BACKGROUND AND FINANCIAL INFORMATION FOR DEBTOR

☐ **If this box is checked, this Article is impacted by a nonstandard provision. Please review Article 6 of the Plan for further details.**

## 1.1   Nature of the Debtor's Business.

9/0 Transport & Sales, Inc. manages and operates a trucking and construction company and elected to file a chapter 11 reorganization as the best means to resolve the current liabilities of the company and determine the secured portions of those creditors.

1

EXHIBIT A

**1.2**     **History of Business Operations of the Debtor**

9/0 Transport & Sales, Inc. started operations in August 2014.

The Debtor is a trucking and construction company. We trade trucking for asphalt milling material, we then resell the material to oilfield and farmer/ranches. With selling the material comes the construction of building the roads. We build farm/ranch/homestead roads along with smaller oilfield roads and pads. We also run trucks to haul materials for different companies.

**1.3**     **Legal Structure and Ownership.**

The Debtor is currently owned 100% by Matthew Clay Muniz. Mr. Muniz will remain managing member and retain his 100% ownership interest going forward.

**1.4**     **Events Leading to the Filing of the Bankruptcy Case.**

When the construction side of the business was added in July 2022, the contractor they hired to build this part of the business and did not complete jobs to the satisfaction of the clients. This in turn put all of the bad debts on the business.

**1.5**     **Filing of the Debtor's Chapter 11 Case.**

On January 17, 2025, the Debtor filed voluntary petitions for relief under the Bankruptcy Code (the "Code"). The Chapter 11 case is pending in the United States Bankruptcy Court in the Southern District of Texas. The Debtor's Schedule of assets and liabilities and statements of financial affairs were filed with the Petitions and is at docket number [1] for 9/0 Transport & Sales, Inc.

**1.6**     **Liquidation Analysis.**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as **Exhibit A.**

**1.7**     **Feasibility Analysis.**

The Debtor must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the Debtor's business. The Debtor has provided projected financial information as **Exhibit B.** Based on the plan projections, the Debtor's total projected disposable income, as that term is defined by section 1191(d), to be committed to the payment of claims for the period described in section 1191(c)(2) for sixty (60) months is $140,830.37.

1.8     **Avoidable Transfers.**

The Debtor does not intend to pursue preference, fraudulent conveyance, or other avoidance actions.

## ARTICLE 2
## <u>THE PLAN</u>

☐ **If this box is checked, this Article is impacted by a nonstandard provision. Please review Article 6 of the Plan for further details.**

This Plan of Reorganization (the "<u>Plan</u>") under chapter 11 of the Bankruptcy Code proposes to pay creditors of the Debtor from income generated from continued operations of the Debtor. Treatment of Creditors' claims is determined by which class such claim belongs to. Claims have been classified below in accordance with section 1122 of the Code.

Only Creditors in classes that are impaired may vote on whether to accept or reject the Plan, and only Creditors holding Allowed Claims may vote. A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan. Also, a class of Equity Interest holders accepts the Plan when at least two-thirds (2/3) in amount of the allowed Equity Interest holders that actually vote, vote in favor of the Plan.

A class that is not impaired is deemed to accept the Plan.

### 2.1 <u>Unclassified Claims.</u>

Certain types of Claims are automatically entitled to specific treatment under the Code. For example, Administrative Expenses and Priority Tax Claims are not classified. They are not considered impaired, and holders of such Claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan does not place the following Claims in any class:

### A. Administrative Expenses

The Debtor must pay all Administrative Expenses in full. If an Administrative Expense is disputed, the Bankruptcy Court must determine the validity and amount of the Administrative Expense, or in other words, "allow" the Administrative Expense. Any Administrative Expense that is undisputed and is due and owing on the Confirmation Date must be paid in accordance with this Plan, or upon such other terms as agreed upon by the Debtor and the Administrative Claimant or court order. If the Administrative Expense is disputed, payment will be made after the Administrative Expense is allowed by the Bankruptcy Court.

The following chart lists the Debtor's estimated Administrative Expenses, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Administrative Tax Claim | $0 | Payment through the Plan as follows: |
| Debtor's counsel fees and expenses | $25,000.00 | Payment through the Plan as follows: The debtor continues to deposit post-petition retainer payments as ordered by the Court and will continue until the fees are paid in full. |
| Other estate professional fees: [name/role] | $0 | Payment through the Plan as follows: |
| Subchapter V Trustee | $5,000.00 | Payment through the Plan as follows: The debtor shall continue with monthly deposits as ordered by the Court and pay any balance upon entry of an Order on the Sub-V Trustee's application for compensation. |
| Other Administrative Claim: [detail] | $0 | |
| TOTAL | $30,000.00 | |

### B. Priority Tax Claims.

Priority Tax Claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees otherwise, it must receive the present value of such Claim, in regular installments paid over a period not exceeding five (5) years from the order of relief.

Each holder of a Priority Tax Claim will be paid as set forth in the chart below:

| Name of Taxing Authority and Type of Tax | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| Texas Comptroller of Public Accounts (POC 4-1) | $33,715.40 | 2024 | Debtor will pay the claim in full at 8.50% per annum in monthly payments beginning with the month of the petition date January 2025 for 60 months at $753.54 per month. |
| Live Oak CAD (POC 8-1) | $10,904.38 | 2024-2025 est | Debtor will pay the claim in full at 12.00% per annum in |

4

| | | | monthly payments beginning 30 days after the Effective Date for 60 months at $242.56 per month. |
|---|---|---|---|

## 2.2 Classes of Claims and Equity Interests.

The following are the classes of claims set forth in the Plan, and the proposed treatment that they will receive under the Plan:

### A. Classes of Secured Claims

Allowed Secured Claims are Claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured Claims under § 506 of the Code. If the value of the collateral or setoffs securing the Creditor's Claim is less than the amount of the Creditor's Allowed Claim, the deficiency will be classified as a general unsecured Claim. In addition, certain claims secured only by the debtor's principal residence, may require different treatment pursuant to § 1190(3) of the Code as set forth below, if applicable.

The following chart lists all classes containing the Debtor's secured prepetition Claims and their proposed treatment under the Plan:

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| No. 1a | *Secured claim of*: Ally Bank in the amount of $60,189.95; POC 1-1<br><br>Collateral description: 2022 Dodge RAM Crew Truck VIN 5700<br><br>Allowed Secured Amount:  $55,000.00 | No | Yes | The Allowed Secured Value of the Collateral will be paid, with interest of 8.5% per annum in sixty (60) monthly installments of $1,128.41 beginning on the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months.<br><br>Deficiency in the amount of $5,189.95 to be classified and treated as a general unsecured Claim. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| No. 1b | *Secured claim of*: Ally Bank in the amount of $57,135.30; POC 3-1<br><br>Collateral description: 2021 Ford F250 VIN 8308 | No | Yes | Debtor intends to surrender the collateral back to the creditor on or before the Effective Date of the Plan. Creditor will have 30 days after the Effective Date to file an Amended Proof of Claim stating the deficiency claim or no deficiency claim shall exist.<br><br>The estimated deficiency in the amount of $11,835.30 to be classified and treated as a general unsecured Claim. If there is no deficiency then the additional monies shall be distributed amongst the other unsecured claims in this class. |
| **Class #** | **Description** | **Insider?** | **Impairment** | **Treatment** |
| No. 1c | *Secured claim of*: Ally Bank in the amount of $32,494.83; POC 6-1<br><br>Collateral description: 2022 GMC Canyon VIN 6879<br><br>Allowed Secured Amount: $27,662.50 | No | Yes | The Allowed Secured Value of the Collateral will be paid, with interest of 8.5% per annum in sixty (60) monthly installments of $567.54 beginning on the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months.<br><br>Deficiency in the amount of $4,832.33 to be classified and treated as a general unsecured Claim. |

| Class # | Description | Insider? | Impairment | Treatment |
|---------|-------------|----------|------------|-----------|
| No. 1d | *Secured claim of*: Ally Bank in the amount of $19,780.56; POC 7-1<br><br>Collateral description: 2017 Ford F150 VIN 1950 | No | Yes | Debtor intends to surrender the collateral back to the creditor on or before the Effective Date of the Plan. Creditor will have 30 days after the Effective Date to file an Amended Proof of Claim stating the deficiency claim or no deficiency claim shall exist.<br><br>The estimated deficiency in the amount of $5,000.00 to be classified and treated as a general unsecured Claim. If there is no deficiency then the additional monies shall be distributed amongst the other unsecured claims in this class. |
| Class # | Description | Insider? | Impairment | Treatment |
| No. 1e | *Secured claim of*: BMO Bank NA in the amount of $28,004.34; POC 2-2<br><br>Collateral description: 2022 Doonan Steel Drop Deck Flatbed Trailer VIN 9022<br><br>Allowed Secured Amount: $23,000.00 | No | Yes | The Allowed Secured Value of the Collateral will be paid, with interest of 8.5% per annum in sixty (60) monthly installments of $471.88 beginning on the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months.<br><br>Deficiency in the amount of $5,004.34 to be classified and treated as a general unsecured Claim. |

| Class # | Description | Insider? | Impairment | Treatment |
|---------|-------------|----------|------------|-----------|
| No. 1f | *Secured claim of*: Caterpillar Financial Services in the amount of $106,665.00; No Claim Filed<br><br>Collateral description: 2019 CAT 140M3 VIN 0674<br><br>Allowed Secured Amount: $100,000.00 | No | Yes | The Allowed Secured Value of the Collateral will be paid, with interest of 8.5% per annum in sixty (60) monthly installments of $2,051.65 beginning on the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months.<br><br>Deficiency in the amount of $6,665.00 to be classified and treated as a general unsecured Claim. |
| Class # | Description | Insider? | Impairment | Treatment |
| No. 1g | *Secured claim of*: Daimler Truck Financial Services USA in the amount of $10,000.00; No Claim Filed<br><br>Collateral description: 2013 Trox Vacuum VIN 7201<br><br>Allowed Secured Amount: $8,000.00 | No | Yes | The Allowed Secured Value of the Collateral will be paid, with interest of 8.5% per annum in sixty (60) monthly installments of $164.13 beginning on the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months.<br><br>Deficiency in the amount of $2,000.00 to be classified and treated as a general unsecured Claim. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| No. 1h | *Secured claim of*: De Lage Landen Financial Services in the amount of $135,167.72; POC 22-1<br><br>Collateral description: (2) 2019 Hyundai Wheel Loaders VIN: 0621 & 0729<br><br>Allowed Secured Amount: $135,167.72 | No | Yes | The Allowed Secured claim will be paid in full, with interest of 8.5% per annum in sixty (60) monthly installments of $2,773.17 beginning on the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| No. 1i | *Secured claim of*: First State Bank of Texas in the amount of $60,380.00; POC 16-1<br><br>Collateral description: 2000 Kenworth VIN 0483 & 2007 Kenworth VIN 9790<br><br>Allowed Secured Amount: $55,190.00 | No | Yes | The Allowed Secured Value of the Collateral will be paid, with interest of 8.5% per annum in sixty (60) monthly installments of $1,132.31 beginning on the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months.<br><br>Deficiency in the amount of $5,190.00 to be classified and treated as a general unsecured Claim. |

| Class # | Description | Insider? | Impairment | Treatment |
|---------|-------------|----------|------------|-----------|
| No. 1j | *Secured claim of*: First State Bank of Texas in the amount of $71,928.58; POC 17-1<br><br>Collateral description: 2023 Ford F350 VIN 0296<br><br>Allowed Secured Amount: $58,500.00 | No | Yes | The Allowed Secured Value of the Collateral will be paid, with interest of 8.5% per annum in sixty (60) monthly installments of $1,200.22 beginning on the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months.<br><br>Deficiency in the amount of $13,428.58 to be classified and treated as a general unsecured Claim. |
| **Class #** | **Description** | **Insider?** | **Impairment** | **Treatment** |
| No. 1k | *Secured claim of*: First State Bank of Texas in the amount of $68,963.00; POC 18-1<br><br>Collateral description: (4) International Trucks VIN's 4072, 4091, 4087 & 4094<br><br>Allowed Secured Amount: $68,963.00 | No | Yes | The Allowed Secured Claim will be paid in full, with interest of 8.5% per annum in sixty (60) monthly installments of $1,414.88 beginning on the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months. |

| Class # | Description | Insider? | Impairment | Treatment |
|---------|-------------|----------|------------|-----------|
| No. 1L | *Secured claim of*: First State Bank of Texas in the amount of $22,118.39; POC 19-1<br><br>Collateral description: 2000 Kenworth VIN 0483 & 2007 Kenworth VIN 9790<br><br>Allowed Secured Amount:  $22,118.39 | No | Yes | The Allowed Secured claim will be paid in full, with interest of 8.5% per annum in sixty (60) monthly installments of $453.79 beginning on the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months. |

| Class # | Description | Insider? | Impairment | Treatment |
|---------|-------------|----------|------------|-----------|
| No. 1m | *Secured claim of*: Ford Motor Credit Company in the amount of $47,823.41; POC 5-1<br><br>Collateral description: 2022 Ford F150 VIN 9305 | No | Yes | Debtor intends to surrender the collateral back to the creditor on or before the Effective Date of the Plan. Creditor will have 30 days after the Effective Date to file an Amended Proof of Claim stating the deficiency claim or no deficiency claim shall exist.<br><br>The estimated deficiency in the amount of $5,000.00 to be classified and treated as a general unsecured Claim.  If there is no deficiency then the additional monies shall be distributed amongst the other unsecured claims in this class. |

| Class # | Description | Insider? | Impairment | Treatment |
|---------|-------------|----------|------------|-----------|
| No. 1n | *Secured claim of*: Mitsubishi HC Capital American Inc in the amount of $24,872.00; No Claim Filed<br><br>Collateral description: 2022 Brazos Belly Dump VIN 4949<br><br>Allowed Secured Amount: $16,000.00 | No | Yes | The Allowed Secured Value of the Collateral will be paid, with interest of 8.5% per annum in sixty (60) monthly installments of $328.26 beginning on the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months.<br><br>Deficiency in the amount of $8,872.00 to be classified and treated as a general unsecured Claim. |
| Class # | Description | Insider? | Impairment | Treatment |
| No. 1o | *Secured claim of*: US Bank in the amount of $45,000.00; No Claim Filed<br><br>Collateral description: 2022 Ford F350 VIN 2390<br><br>Allowed Secured Amount: $6,000.00 | No | Yes | The Allowed Secured Value of the Collateral will be paid, with interest of 8.5% per annum in sixty (60) monthly installments of $123.10 beginning on the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months.<br><br>Deficiency in the amount of $39,000.00 to be classified and treated as a general unsecured Claim. |

| Class # | Description | Insider? | Impairment | Treatment |
|---------|-------------|----------|------------|-----------|
| No. 1p | *Secured claim of*: U.S. Small Business Administration in the amount of $210,926.40; POC 14-1<br><br>Collateral description: All Assets of the Debtor<br><br>Allowed Secured Amount:  $210,926.40 | No | Yes | The Allowed Secured Value of the Collateral will be paid, with interest of 3.75% per annum in sixty (60) monthly installments of $3,860.78 beginning on the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months. |

| Class # | Description | Insider? | Impairment | Treatment |
|---------|-------------|----------|------------|-----------|
| No. 1q | *Secured claim of*: Unique Funding Solutions in the amount of $108,548.36; PO C 25-1<br><br>Collateral description: All Assets of the Debtor<br><br>Allowed Secured Amount:  $108,548.36 | No | Yes | The Allowed Secured Value of the Collateral will be paid, with interest of 8.5% per annum in sixty (60) monthly installments of $2,227.04 beginning on the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| No. 1r | *Secured claim of*: Channel Partners Capital LLC in the amount of $87,620.16; POC 15-1<br><br>Collateral description: (2) 2024 Brazos Belly Dump VIN's 4042 & 4043<br><br>Allowed Secured Amount: $45,000.00 | No | Yes | The Allowed Secured Value of the Collateral will be paid, with interest of 8.5% per annum in sixty (60) monthly installments of $923.24 beginning on the 15th day of the calendar month following the effective date of the plan and continuing on the 15th day of each month for the sixty (60) months.<br><br>Deficiency in the amount of $42,620.16 to be classified and treated as a general unsecured Claim. |

## B. Classes of Priority Unsecured Claims.

Certain priority Claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a Claim receive cash on the Effective Date of the Plan equal to the allowed amount of such Claim. However, a class of holders of such Claims may vote to accept different treatment.

The following chart lists all classes containing Claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 2 | Internal Revenue Service (POC 9-2) | $265,053.26 | Debtor will pay the claim in full at 0.00% per annum in monthly payments beginning 30 days after the Effective Date for 60 months at $4,417.55 per month. |

## C. Class[es]of General Unsecured Claims

General Unsecured Claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. A table of all claims, their estimated amounts, whether the claim is allowed or disputed, and their anticipated distribution under the Plan is attached hereto as **Exhibit C.**

The following chart identifies the Plan's proposed treatment of general unsecured Class[es], which contain general unsecured Claims against the Debtor:

| Class # | Description | Impairment | Treatment |
|---------|-------------|------------|-----------|
| No. 3 | The general unsecured Creditor Claims shall receive $633,132.60 which is 18.58% of the total unsecured claims of $1,754,370.10. | Yes | All allowed unsecured creditors shall receive a pro rata distribution at zero percent (0%) per annum over the next five (5) years. These debts shall be paid at the end of each quarter, and that first quarter shall begin not later than the 1st day of the first full calendar month following 30 days after the effective date of the plan and continuing for the life of the Plan.  The payments shall be made out of the unsecured creditors pool of $1,754,370.10 distributed to unsecured creditors over the life of the Plan, but the first year of payments shall be reduced only by the amounts paid to the convenience creditors and only these unsecured creditors will receive distributions in years 1-5. |

## D.  Class[es] of Equity Interest Holders.

Equity Interest holders are parties who hold an ownership interest (*i.e.*, equity interest) in the Debtor.  In a corporation, entities holding preferred or common stock are Equity Interest holders. In a partnership, Equity Interest holders include both general and limited partners. In a limited liability company, the Equity Interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the Equity Interest holder.

The following chart sets forth the Plan's proposed treatment of the class[es] of Equity Interest holders: [There may be more than one class of Equity Interest holders in, for example, a partnership case, or a case where the prepetition debtor had issued multiple classes of stock.]

| Class # | Names & Description | Impairment | Treatment |
|---------|---------------------|------------|-----------|
| 4 | Matthew Clay Muniz – 100% | No | No Distribution from Plan Payments. |

### 2.3   Claims Allowance Process.

Any Claim detailed on the Debtor's schedules for which the Debtor did not select disputed, unliquidated, or contingent is deemed an allowed claim under this Plan.  For all other Claims, the Debtor must file a Proof of Claim by the Bar Date in order to receive a distribution under the Plan.

The Debtor may object to the amount or validity of any Claim within sixty (60) days of the Confirmation Date by filing an objection with the Bankruptcy Court and serving a copy of the objection on the holder of the Claim. The Claim objected to will be treated as a Disputed Claim under the Plan.

No partial distributions will be made with respect to a Disputed Claim until the resolution of such dispute by settlement or Final Order.  The provisions of this section are not intended to restrict payment of any Allowed Claims which are not disputed. Until a Disputed Claim is resolved, payment distributions to claimants holding disputed claims will be retained by the Disbursing Agent subject to a final resolution of the Disputed Claim. Upon resolution in favor of the Allowed Claim the Disbursing Agent will distribute withheld funds within the next payment period. If the Disputed Claim is disallowed, the Disbursing Agent will make withheld funds available to allowed claim holders within the next payment period in accordance with this Plan.

### 2.4   Treatment of Executory Contracts and Unexpired Leases.

The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the Effective Date: The Debtor does not have any executory contracts.

Except for the executory contracts and unexpired leases that have been assumed, and if applicable assigned, herein, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

**A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.**

Any claim based on the rejection of an executory contract or unexpired lease under this section will be barred if the proof of claim is not timely filed, unless the Bankruptcy Court orders otherwise.

### 2.5   Means for Implementation of the Plan.

The Debtors will continue operating its business to generate funds to fund plan payments. The Debtors' Plan will break the existing claims into four classes of Claimants.  These claimants will receive repayments over a period of time beginning on or after the Effective Date.

**2.6**   **Payments by Disbursing Agent.**

If the Plan is confirmed under §1191(a), payments to Creditors provided for in the Plan will be made by the Debtor.

**If the Plan is confirmed under section § 1191(b), the Debtor proposes that the Sub V Trustee Melissa A Haselden act as the disbursing agent.**

**2.7**   **Post-Confirmation Management.**

The Post-Confirmation Officers/Managers of the Debtor, and their compensation, shall be as follows:

| Name | Position | Compensation |
|------|----------|--------------|
| Matthew Clay Muniz | Manager | Salary |

**2.8**   **Tax Consequences of the Plan.**

*Creditors and Equity Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, and/or Advisors.*

The following are the anticipated tax consequences of the Plan:

Implementation of the Plan may result in federal income tax consequences to holders of Claims, Equity Interest Holders, and to the Debtors. In this case most of the creditors will not be paid in full the amount of their claims. Tax consequences to a particular Creditor or Equity Interest Holder may depend on the circumstances or facts regarding the Claim of the Creditor or the interests of the Equity Interest Holder.

**ARTICLE 3**
**DISCHARGE.**

**3.1 Discharge**

**If the Plan is confirmed under § 1191(a),** on the Confirmation Date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d) of the Bankruptcy Code; or

**If the Plan is confirmed under § 1191(b),** as soon as practicable after completion by the Debtor of all payments due under the Plan, unless the court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter, the court shall grant the Debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in this Plan, except any debt—

(1) on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court; or

(2) if applicable, of the kind specified in section 523(a) of this title.

# ARTICLE 4
## GENERAL PROVISIONS.

☐ **If this box is checked, this Article is impacted by a nonstandard provision. Please review Article 6 of the Plan for further details.**

### 4.1 Vesting of Property of the Estate.

If a plan is confirmed under § 1191(a), except as otherwise provided in the Plan or in the order confirming the Plan, (i) confirmation of the Plan vests all of the property of the estate in the Debtor, and (ii) after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and Equity Interests of Creditors, equity security holders, and of general partners in the Debtor.

If a plan is confirmed under § 1191(b), property of the estate includes, in addition to the property specified in § 541, all property of the kind specified in that section that the Debtor acquires, as well as earnings from services performed by the Debtor, after the date of commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13 of the Bankruptcy Code, whichever occurs first. Except as provided in § 1185 of the Bankruptcy Code, the Plan, or the order confirming the Plan, the Debtor shall remain in possession of all property of the estate.

### 4.2 Binding Effect.

If the Plan is confirmed, the provisions of the Plan will bind the Debtor and all Creditors, whether or not they accept the Plan. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

### 4.3 Severability.

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

### 4.4 Retention of Jurisdiction by the Bankruptcy Court.

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters:

(i)     to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of the Plan;

(ii)    to rule on any modification of the Plan proposed under section 1193;

(iii)   to hear and allow all applications for compensation to professionals and other Administrative Expenses and enter final orders;

(iv)    to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases, and

(iv)    to adjudicate any cause of action which may exist in favor of the Debtor, including preference and fraudulent transfer causes of action.

18

**4.5 Captions.**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

## ARTICLE 5
## DEFINITIONS

5.1    The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in this Plan and they are supplemented by the following definitions:

**"Debtor"** shall mean 9/0 Transport & Sales Inc.

**"Bar Date"** The Bar Date for all creditors or interest holders, other than governmental units, to file proofs of claim with the Bankruptcy Clerk was March 28, 2025. The Bar Date for governmental units to file Proof of Claims with the Bankruptcy Clerk is not later than 180 days from petition date.

**"Effective Date"** The effective date of this Plan is 30 days after the "Confirmation Date".

## ARTICLE 6
## NONSTANDARD PROVISIONS

6.1    The following nonstandard provisions shall be applicable to the Plan:

A.    Injunction Against Interference with Plan.
 Upon the Effective Date, all holders of Claims, all holders of Equity Interests, and all other parties in interest in the Bankruptcy Case, along with their respective current and former officers, directors, principals, employees and agents, shall be and are hereby enjoined from taking any action to interfere with the implementation or consummation of the  Plan. Additionally, all holders of Claims, all holders of Equity Interest, and all other parties in interest in the Bankruptcy Case shall be enjoined from  seeking payment on their Claims or Interest except as otherwise provided in the Plan from Debtors.

B.    Events of Default and Effect Thereof
 Any creditor remedies allowed by 11 U.S.C. § 1112(b)(4)(N) shall be preserved to the extent otherwise available at law. In addition to any rights specifically provided to a claimant treated pursuant to this Plan, a failure by the Reorganized Debtors to make a payment or maintain the required insurance as to all Collateral to a creditor pursuant to the terms of this Plan shall be an event of default as to such payments or the maintaining of insurance, if the payment or lack of insurance is not cured within ten (10) days after mailing written notice of default from such creditor to the Reorganized Debtors. Any default notice, inquiry, or other formal communication pursuant to the Plan shall be mailed by certified mail, return receipt requested to the following:

Robert "Chip" Lane
The Lane Law Firm
6200 Savoy Drive
Suite 1150
Houston, Texas 77036-3300

The Debtors will be entitled to no more than two (2) notices of default during the term of the Plan from any creditor. Upon a third default to that creditor, the automatic stay as to that creditor shall be automatically terminated without further notice or order from the Court.

          C.    <u>Non-Voting Claimant/Creditor's Effect on Class</u>

If a Claimant/Creditor is entitled to vote and fails to timely return a ballot according to the procedures outlined in this plan, that Claimant or Creditor's vote of class may be disregarded for purposes of determining that Class' acceptance of the Plan.

Respectfully submitted,

By: 9/0 Transport & Sales, Inc.

*/s/ Matthew Muniz*
Matthew Muniz, Owner

By: THE LANE LAW FIRM, PLLC

*/s/ Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
A. Zachary Casas
State Bar No. 24097469
zach.casas@lanelaw.com
6200 Savoy, Suite 1150
Houston, Texas 77036
(713) 595-8200 Voice
(713) 595-8201 Facsimile
COUNSEL FOR DEBTOR

Ex. A - Projected Liquidation Analysis - 25-20016

| | Gross Value on Petition Date | Current Gross Value | Asset Debts | Net Value | Lienholder |
|---|---|---|---|---|---|
| Cash | $12,323.58 | $99,556.78 | | $99,556.78 | |
| Accounts Receivables | $488,000.00 | $225,946.26 | | $225,946.26 | |
| Inventory | $189,000.00 | $152,000.00 | | $152,000.00 | |
| Internet Domain | $1.00 | $1.00 | | $1.00 | |
| | | | | | |
| **EQUIPMENT AND VEHICLES** | | | | | |
| Desks, Chairs, Computers, Monitors, Filing Cabinets, Table and Printers | $2,700.00 | $2,700.00 | $0.00 | $2,700.00 | |
| | | | | | |
| 2019 Hyundai Wheel Loander Vin 0621 | $100,000.00 | $70,000.00 | $67,583.86 | $2,416.14 | De Lage Landen |
| 2019 Hyundai Wheel Loander Vin 0729 | $100,000.00 | $70,000.00 | $67,583.86 | $2,416.14 | De Lage Landen |
| 2019 CAT 140M3 VIN 0674 | $115,000.00 | $100,000.00 | $106,665.00 | $0.00 | Caterpillar Fin |
| 2019 Brazos Belly Dump VIN 4657 | $15,000.00 | $12,500.00 | $2,500.00 | $0.00 | SBA |
| 2022 Brazos Belly Dump VIN 4949 | $18,000.00 | $16,000.00 | $24,872.00 | $0.00 | Misubishi HC Cap |
| 2024 Brazos Belly Dump VIN 4042 | $20,000.00 | $18,000.00 | $25,000.00 | $0.00 | Channel Partners |
| 2024 Brazos Belly Dump VIN 4043 | $20,000.00 | $18,000.00 | $25,000.00 | $0.00 | Channel Partners |
| 2022 Doonan Step Deck Vin 9022 | $25,000.00 | $23,000.00 | $28,004.34 | $0.00 | BMO Bank |
| 2013 Trox Vacuum VIN 7201 | $10,000.00 | $8,000.00 | $10,000.00 | $0.00 | Daimler Truck Fin |
| 2018 PJ Flat Bed VIN 8742 | $10,000.00 | $8,000.00 | $8,000.00 | $0.00 | SBA |
| 2019 Bix Tex Utility Trailer VIN 6688 | $5,000.00 | $3,500.00 | $3,500.00 | $0.00 | SBA |
| 2023 Ford F350 VIN 0296 | $45,000.00 | $45,000.00 | $71,928.58 | $0.00 | First State Bank of TX |
| 2022 Ford F350 VIN 2390 | $39,000.00 | $39,000.00 | $39,000.00 | $0.00 | US Bank |
| 2021 Ford F250 VIN 8308 - to be surrendered | $35,000.00 | $35,000.00 | $57,135.30 | $0.00 | Ally Bank |
| 2022 Ford F150 VIN 9305 - - to be surrendered | $33,000.00 | $33,000.00 | $47,823.41 | $0.00 | Ford Motor |
| 2017 Ford F150 VIN 1950 - - to be surrendered | $6,000.00 | $6,000.00 | $19,780.56 | $0.00 | Ally Bank |
| 2022 GMC Canyon VIN 6879 | $24,500.00 | $24,500.00 | $32,494.83 | $0.00 | Ally Bank |
| 2022 Doge RAM Crew Truck VIN 5700 | $45,000.00 | $45,000.00 | $60,189.95 | $0.00 | Ally Bank |
| 2010 International Truck VIN 4091 | $10,000.00 | $10,000.00 | $17,240.75 | $0.00 | First State Bank of TX |
| 2010 International Truck VIN 4094 | $10,000.00 | $10,000.00 | $17,240.75 | $0.00 | First State Bank of TX |
| 2010 Internatioinal Truck VIN 4072 | $10,000.00 | $10,000.00 | $17,240.75 | $0.00 | First State Bank of TX |
| 2010 International Truck VIN 4087 | $10,000.00 | $10,000.00 | $17,240.75 | $0.00 | First State Bank of TX |
| 2000 Kenworth Truck VIN 0483 | $25,000.00 | $25,000.00 | $11,059.19 | $13,940.80 | First State Bank of TX |
| 1995 Peterbuilt VIN 2113 | $25,000.00 | $23,000.00 | $23,000.00 | $0.00 | SBA |
| 1998 Kenworth VIN 3038 | $25,000.00 | $23,000.00 | $23,000.00 | $0.00 | SBA |
| 2007 Kenworth VIN 9790 | $25,000.00 | $25,000.00 | $11,059.19 | $13,940.80 | First State Bank of TX |
| 2006 Peterbuilt VIN 5535 | $30,000.00 | $27,000.00 | $27,000.00 | $0.00 | SBA |
| | | | | | |
| **TOTAL** | **$1,527,524.58** | **$1,217,704.04** | **$861,143.07** | **$512,917.92** | |
| | | | | | |
| **Secured Claim** | | | | | |
| SBA | | | $210,926.40 | $301,991.52 | |
| Unique Funding Solutions | | | $108,548.36 | $193,443.16 | |
| | | | | | |
| **Remaining Amount Available for Unsecured Creditors** | | | $0.00 | $193,443.16 | |
| | | | | | |
| **Total Amount of Allowed General Unsecured Claims (includes the undersecured portions of the Schedule D secured creditors)** | | | | $1,762,024.07 | |
| | | | | | |

| Ordinary Income/Expense | Months 1-12 | Months 13-24 | Months 25-36 | Months 37-48 | Months 49-60 |
|---|---|---|---|---|---|
| **Revenue** | | | | | |
| Total Revenue | $4,900,000.00 | $5,100,000.00 | $5,300,000.00 | $5,500,000.00 | $5,700,000.00 |
| | | | | | |
| **Expenses** | | | | | |
| Employee Payroll(W-2) | $1,320,000.00 | $1,340,000.00 | $1,370,000.00 | $1,410,000.00 | $1,450,000.00 |
| Payroll Taxes | $280,000.00 | $285,000.00 | $295,000.00 | $305,000.00 | $310,000.00 |
| Health Insurance | $160,000.00 | $170,000.00 | $180,000.00 | $190,000.00 | $200,000.00 |
| Aflac | $13,500.00 | $14,000.00 | $14,000.00 | $15,000.00 | $15,000.00 |
| Office Rent/Lease | $90,000.00 | $90,000.00 | $90,000.00 | $90,000.00 | $90,000.00 |
| Stockpile Leases | $24,000.00 | $24,000.00 | $24,000.00 | $24,000.00 | $24,000.00 |
| Utilities | $35,000.00 | $36,000.00 | $37,000.00 | $38,000.00 | $39,000.00 |
| Material Purchases | $160,000.00 | $170,000.00 | $180,000.00 | $200,000.00 | $200,000.00 |
| Fuel | $530,000.00 | $540,000.00 | $550,000.00 | $560,000.00 | $570,000.00 |
| Rental Equipment | $100,000.00 | $120,000.00 | $120,000.00 | $130,000.00 | $140,000.00 |
| Repair, Replacement and Maintenance (Regular Equipment) | $185,000.00 | $195,000.00 | $200,000.00 | $210,000.00 | $210,000.00 |
| Subcontractors | $1,000,000.00 | $1,100,000.00 | $1,200,000.00 | $1,300,000.00 | $1,300,000.00 |
| Property Maintenance | $5,000.00 | $6,000.00 | $7,000.00 | $8,000.00 | $9,000.00 |
| Postage & Shipping | $1,200.00 | $1,300.00 | $1,400.00 | $1,500.00 | $1,600.00 |
| Insurance (Auto, Gen Liability, Life, & Workers Comp) | $400,000.00 | $410,000.00 | $420,000.00 | $430,000.00 | $440,000.00 |
| Dues & Subscriptions | $4,500.00 | $4,500.00 | $5,000.00 | $5,000.00 | $5,500.00 |
| Equipment Lease | $57,000.00 | $57,000.00 | $58,500.00 | $58,500.00 | $60,000.00 |
| Office Supplies | $6,500.00 | $6,500.00 | $7,250.00 | $7,250.00 | $8,000.00 |
| Computer Software & IT | $72,000.00 | $72,000.00 | $74,000.00 | $74,000.00 | $76,000.00 |
| Advertising | $5,000.00 | $5,000.00 | $6,000.00 | $6,000.00 | $7,000.00 |
| Licenses & Permits | $20,000.00 | $20,000.00 | $22,000.00 | $22,000.00 | $23,000.00 |
| Property Taxes | $5,000.00 | $6,000.00 | $7,000.00 | $8,000.00 | $9,000.00 |
| CPA | $12,000.00 | $12,000.00 | $13,000.00 | $13,000.00 | $14,000.00 |
| Business Income & Sales Taxes | $50,000.00 | $50,000.00 | $50,000.00 | $50,000.00 | $50,000.00 |
| Misc Business Expenses | $25,000.00 | $25,000.00 | $25,000.00 | $25,000.00 | $25,000.00 |
| | | | | | |
| **Total Expense** | -$4,560,700.00 | -$4,759,300.00 | -$4,956,150.00 | -$5,180,250.00 | -$5,276,100.00 |
| **Net Operating Income** | **$339,300.00** | **$340,700.00** | **$343,850.00** | **$319,750.00** | **$423,900.00** |

| PLAN PAYMENTS | | | | | |
|---|---|---|---|---|---|
| **Claim** | Months 1-12 | Months 13-24 | Months 25-36 | Months 37-48 | Months 49-60 |
| **Priority Secured Tax Claims** | | | | | |
| Texas Comptroller 4-1 | $9,042.48 | $9,042.48 | $9,042.48 | $9,042.48 | $9,042.48 |
| Live Oak CAD 8-1 | $2,910.72 | $2,910.72 | $2,910.72 | $2,910.72 | $2,910.72 |
| IRS 9-2 | $53,010.60 | $53,010.60 | $53,010.60 | $53,010.60 | $53,010.60 |
| | | | | | |
| **Secured Claims** | | | | | |
| Ally Bank 1-1 | $13,540.92 | $13,540.92 | $13,540.92 | $13,540.92 | $13,540.92 |
| Ally Bank 3-1 | $9,884.88 | $9,884.88 | $9,884.88 | $9,884.88 | $9,884.88 |
| Ally Bank 6-1 | $6,810.48 | $6,810.48 | $6,810.48 | $6,810.48 | $6,810.48 |
| Ally Bank 7-1 | $3,576.00 | $3,576.00 | $3,576.00 | $3,576.00 | $3,576.00 |
| BMO Bank 2-2 | $5,662.56 | $5,662.56 | $5,662.56 | $5,662.56 | $5,662.56 |
| Caterpillar Financial Services | $24,619.80 | $24,619.80 | $24,619.80 | $24,619.80 | $24,619.80 |
| Channel Partners Capital 15-1 | $11,078.88 | $11,078.88 | $11,078.88 | $11,078.88 | $11,078.88 |
| Daimler Truck Financial Services | $1,969.56 | $1,969.56 | $1,969.56 | $1,969.56 | $1,969.56 |
| De Lage Landen 22-1 | $33,278.04 | $33,278.04 | $33,278.04 | $33,278.04 | $33,278.04 |
| First State Bank of Texas 16-1 | $13,587.72 | $13,587.72 | $13,587.72 | $13,587.72 | $13,587.72 |
| First State Bank of Texas 17-1 | $14,402.64 | $14,402.64 | $14,402.64 | $14,402.64 | $14,402.64 |
| Fisrt State Bank of Texas 18-1 | $16,978.56 | $16,978.56 | $16,978.56 | $16,978.56 | $16,978.56 |
| First State Bank of Texas 19-1 | $5,445.48 | $5,445.48 | $5,445.48 | $5,445.48 | $5,445.48 |
| Ford Motor Credit Co 5-1 | $9,989.52 | $9,989.52 | $9,989.52 | $9,989.52 | $9,989.52 |
| Mitsubishi HC Capital | $3,939.12 | $3,939.12 | $3,939.12 | $3,939.12 | $3,939.12 |
| US Bank | $1,477.20 | $1,477.20 | $1,477.20 | $1,477.20 | $1,477.20 |
| US Small Business Admin 14-1 | $46,329.36 | $46,329.36 | $46,329.36 | $46,329.36 | $46,329.36 |
| Unique Funding Solutions 25-1 | $26,724.48 | $26,724.48 | $26,724.48 | $26,724.48 | $26,724.48 |
| | | | | | |
| **Allowed General Unsecured Claims** | | | | | |
| Unsecureds to Receive 18.58% | $25,041.00 | $26,441.00 | $29,591.00 | $70,454.80 | $174,604.80 |
| | | | | | |
| **Annual Plan Payment** | $339,300.00 | $340,700.00 | $343,850.00 | $319,750.00 | $423,900.00 |

| **Total Remaining After Plan Payments** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |

| Class 3 Creditors | Total Claim | Year 1 - Distribution | Year 2 - Distribution | Year 3 - Distrubution | Year 4 - Distribution | Year 5 - Distribution | Total Distribution at 18.58% over 5 Plan Term |
|---|---|---|---|---|---|---|---|
| | | $25,041.00 | $26,441.00 | $29,591.00 | $70,454.80 | $174,604.80 | Total |
| 3 Lee Transport | $1,100.00 | $15.70 | $16.58 | $18.55 | $44.18 | $109.48 | $204.49 |
| Accident Fund Insurance Company of America (POC 24-1) | $230,400.00 | $3,288.61 | $3,472.48 | $3,886.16 | $9,252.77 | $22,930.71 | $42,830.73 |
| Aggregate Haulers LP | $176,157.32 | $2,514.38 | $2,654.96 | $2,971.25 | $7,074.41 | $17,532.17 | $32,747.16 |
| Ally Bank (POC 1-1) | $5,189.95 | $74.08 | $78.22 | $87.54 | $208.43 | $516.53 | $964.80 |
| Ally Bank (POC 3-1) | $11,835.30 | $168.93 | $178.38 | $199.63 | $475.30 | $1,177.92 | $2,200.15 |
| Ally Bank (POC 6-1) | $4,832.33 | $68.97 | $72.83 | $81.51 | $194.06 | $480.94 | $898.32 |
| Ally Bank (POC 7-1) | $5,000.00 | $71.37 | $75.36 | $84.34 | $200.80 | $497.63 | $929.49 |
| Anderson Columbia Co (POC 11-1) | $42,004.46 | $599.55 | $633.07 | $708.49 | $1,686.88 | $4,180.52 | $7,808.51 |
| Anderson Machine Company | $2,242.15 | $32.00 | $33.79 | $37.82 | $90.04 | $223.15 | $416.81 |
| B&G Materials (POC 13-1) | $75,303.00 | $1,074.84 | $1,134.93 | $1,270.14 | $3,024.14 | $7,494.58 | $13,998.62 |
| Billy Bruce | $65,000.00 | $927.78 | $979.65 | $1,096.36 | $2,610.37 | $6,469.17 | $12,083.32 |
| BMO (POC 2-2) | $5,004.34 | $71.43 | $75.42 | $84.41 | $200.97 | $498.06 | $930.29 |
| Caterpillar Financial Services | $6,665.00 | $95.13 | $100.45 | $112.42 | $267.66 | $663.34 | $1,239.01 |
| Cemex Inc | $172,800.00 | $2,466.46 | $2,604.36 | $2,914.62 | $6,939.58 | $17,198.03 | $32,123.05 |
| Channel Partners Capital LLC (POC 15-1) | $42,620.16 | $608.34 | $642.35 | $718.88 | $1,711.61 | $4,241.80 | $7,922.97 |
| Daimer Truck Financial | $2,000.00 | $28.55 | $30.14 | $33.73 | $80.32 | $199.05 | $371.79 |
| eProduce LLC | $18,000.00 | $256.92 | $271.29 | $303.61 | $722.87 | $1,791.46 | $3,346.15 |
| Far South Mining | $29,304.00 | $418.27 | $441.66 | $494.27 | $1,176.84 | $2,916.50 | $5,447.53 |
| First State Bank of Texas (POC 16-1) | $5,190.00 | $74.08 | $78.22 | $87.54 | $208.43 | $516.54 | $964.81 |
| First State Bank of Texas (POC 17-1) | $13,428.58 | $191.67 | $202.39 | $226.50 | $539.29 | $1,336.49 | $2,496.34 |
| Ford Motor Company (POC 5-1) | $5,000.00 | $71.37 | $75.36 | $84.34 | $200.80 | $497.63 | $929.49 |
| Holt Cat | $40,204.07 | $573.85 | $605.94 | $678.12 | $1,614.58 | $4,001.34 | $7,473.83 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Internal Revenue Service (POC 9-2) | $207,636.10 | $2,963.69 | $3,129.39 | $3,502.20 | $8,338.58 | $20,665.11 | $38,598.98 |
| IPFS Corporation | $10,503.28 | $149.92 | $158.30 | $177.16 | $421.81 | $1,045.35 | $1,952.53 |
| Kriewald 90 LLC (POC 28-1) | $2,000.00 | $28.55 | $30.14 | $33.73 | $80.32 | $199.05 | $371.79 |
| Lhoist North America of Texas LLC | $6,657.49 | $95.03 | $100.34 | $112.29 | $267.36 | $662.59 | $1,237.61 |
| Mitsubishi HC Capital American | $8,872.00 | $126.63 | $133.71 | $149.64 | $356.30 | $882.99 | $1,649.28 |
| Nueces Power Company | $15,702.92 | $224.14 | $236.67 | $264.86 | $630.62 | $1,562.84 | $2,919.13 |
| On Deck (POC 21-1) | $39,759.06 | $567.50 | $599.23 | $670.62 | $1,596.71 | $3,957.05 | $7,391.10 |
| OSC Energy (POC 23-1) | $14,827.58 | $211.64 | $223.47 | $250.10 | $595.47 | $1,475.72 | $2,756.41 |
| Patrick Copeland | $98,000.00 | $1,398.80 | $1,477.01 | $1,652.97 | $3,935.64 | $9,753.51 | $18,217.93 |
| Pilot Thomas Asset Collection (POC 12-1) | $4,665.80 | $66.60 | $70.32 | $78.70 | $187.38 | $464.37 | $867.36 |
| RG Vac | $76,076.50 | $1,085.88 | $1,146.59 | $1,283.18 | $3,055.20 | $7,571.56 | $14,142.41 |
| RLI Insurance | $2,197.00 | $31.36 | $33.11 | $37.06 | $88.23 | $218.66 | $408.42 |
| RWC Materials (POC 26-1) | $28,267.19 | $403.47 | $426.03 | $476.78 | $1,135.20 | $2,813.31 | $5,254.79 |
| Schuster Trucking LLC | $18,080.00 | $258.06 | $272.49 | $304.96 | $726.09 | $1,799.42 | $3,361.02 |
| Simpson Crushed Stone | $6,275.78 | $89.58 | $94.59 | $105.85 | $252.03 | $624.60 | $1,166.65 |
| Texas First CAT Rentals | $18,390.11 | $262.49 | $277.17 | $310.19 | $738.54 | $1,830.29 | $3,418.67 |
| Texas Materials (POC 20-1) | $110,110.00 | $1,571.65 | $1,659.52 | $1,857.23 | $4,421.97 | $10,958.77 | $20,469.15 |
| Texas State Rentals | $59,899.26 | $854.97 | $902.77 | $1,010.32 | $2,405.53 | $5,961.51 | $11,135.11 |
| US Bank | $39,000.00 | $556.67 | $587.79 | $657.81 | $1,566.22 | $3,881.50 | $7,249.99 |
| UniFirst | $5,000.00 | $71.37 | $75.36 | $84.34 | $200.80 | $497.63 | $929.49 |
| United Rentals | $1,566.47 | $22.36 | $23.61 | $26.42 | $62.91 | $155.90 | $291.20 |
| Verizon Wireless (POC 27-1) | $3,464.62 | $49.45 | $52.22 | $58.44 | $139.14 | $344.82 | $644.06 |
| Waukesha-Pearce Industries LLC (POC 28-1) | $18,138.28 | $258.90 | $273.37 | $305.94 | $728.43 | $1,805.22 | $3,371.86 |
| | | | | | | | |
| | $1,754,370.10 | $25,041.00 | $26,441.00 | $29,591.00 | $70,454.80 | $174,604.80 | $326,132.60 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| 9/0 TRANSPORT & SALES, INC., | § | |
| | § | |
| | § | BANKRUPTCY CASE NO. 25-20016 |
| | § | |
| DEBTOR | § | |

**NOTICE OF PLAN SUPPLEMENT**

On April 17, 2025, the Debtor filed its Subchapter V Plan at ECF No. 45. This Plan Supplement replaces Article 2.2C of the Plan. Unsecured creditors have the opportunity change their vote on the plan.

RESPECTFULLY SUBMITTED,

THE LANE LAW FIRM, PLLC

*/s/Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
A. Zachary Casas
State Bar No. 24097469
Zach.casas@lanelaw.com
6200 Savoy, Suite 1150
Houston, Texas 77036
(713) 595-8200 Voice
(713) 595-8201 Facsimile
COUNSEL FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| | § | |
| **9/0 TRANSPORT & SALES, INC.,** | § | |
| | § | |
| | § | **BANKRUPTCY CASE NO. 25-20016** |
| | § | |
| **DEBTOR** | § | |

**PLAN SUPPLEMENT**

**C.  Class[es]of General Unsecured Claims**

General Unsecured Claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. General Unsecured Claims will receive the amounts in the attached **Exhibit C** for each year of the plan without interest.

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the Notice of Plan Supplement was served to the parties listed on the service list below and the attached list of unsecure creditors either via electronic notice by the court's ECF noticing system or by electronic email notification as stated below on July 25, 2025:

Debtor:
9/0 Transport & Sales, Inc.
1221 HWY 281
Three Rivers, TX 78071

US Trustee:
Office of The United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002

Notice will be electronically mailed to:

Gary Wayne Coker on behalf of Creditor First State Bank Of Texas
bankruptcy@germer.com, kstephens@germer.com;cjaume@germer.com

Michael G Colvard on behalf of Creditor OSC Energy, LLC
mcolvard@mdtlaw.com, amartinez@mdtlaw.com,jarellano@mdtlaw.com

Jessica L Hanzlik on behalf of U.S. Trustee US Trustee
Jessica.L.Hanzlik@usdoj.gov, omar.e.jones@usdoj.gov;adrian.duran@usdoj.gov

Melissa A Haselden
mhaselden@haseldenfarrow.com,
haseldenbankruptcytrustee@gmail.com;mhaselden@ecf.axosfs.com;mhaselden@ecf.courtdrive.com;haselden.melissaa.r104367@notify.bestcase.com

Taylre Janak on behalf of Creditor BMO Bank N.A.
tjanak@reedsmith.com, anixon@reedsmith.com;ddegree@reedsmith.com;gsaenz@reedsmith.com

Don J. Knabeschuh on behalf of Creditor Ford Motor Credit Company, LLC c/o AIS Portfolio Services, LLC
dknabecf@gmail.com, texas.ecf@aislegaltrac.com

Robert C Lane on behalf of Debtor 9/0 Transport & Sales, Inc.
notifications@lanelaw.com, thelanelawfirm@jubileebk.net;notifications@lanelaw.com

Christopher Dee Leavins on behalf of Creditor First State Bank Of Texas
cleavins@germer.com, bsmith@germer.com

Patrick Michael Lynch on behalf of Creditor ALLY BANK - C/O QUILLING SELANDER LOWNDS WINSLETT
plynch@qslwm.com, pkarr@qslwm.com

Sean Michael Rooney on behalf of Creditor Cemex Construction Materials South, LLC
sean@herbergerlaw.com, sandie@herbergerlaw.com

Diane Wade Sanders on behalf of Creditor Live Oak CAD
austin.bankruptcy@publicans.com

Callan Clark Searcy on behalf of Creditor Texas Comptroller of Public Accounts, Revenue Accounting
Division
bk-csearcy@texasattorneygeneral.gov, sherri.simpson@oag.texas.gov

US Trustee
USTPRegion07.SN.ECF@usdoj.gov

Broocks Wilson on behalf of Interested Party Unique Funding Solutions, LLC
mack@wilson-pllc.com

*/s/Robert C. Lane*
Robert C. Lane

Label Matrix for local noticing
0541-2
Case 25-20016
Southern District of Texas
Corpus Christi
Fri Jul 25 07:58:41 CDT 2025

9/0 Transport & Sales, Inc.
PO Box 383
Three Rivers, TX 78071-0383

ALLY BANK - C/O QUILLING SELANDER LOWNDS WIN
2001 BRYAN ST STE 1800
DALLAS, TX 75201-3071

Ally Bank c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Cemex Construction Materials South, LLC
16100 Dillard Drive
Jersey Village, TX 77040-2077

First State Bank Of Texas
c/o Christopher Leavins & Gary Coker
GERMER PLLC
P.O. Box 4915
Beaumont, TX 77704-4915

Ford Motor Credit Company, LLC c/o AIS Portf
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

OSC Energy, LLC
c/o Michael G. Colvard
Martin & Drought, P.C.
112 East Pecan Street
Suite 1616
San Antonio, TX 78205-8902

Texas Comptroller of Public Accounts, Revenu
Callan Searcy
P.O. Box 12548
Austin, TX 78711-2548

Texas Workforce Commision
Office of the Attorney General
Bankruptcy & Collections Division
P.O. Box 12548, MC-008
Austin, TX 78711-2548

2
United States Bankruptcy Court
1133 North Shoreline Blvd #208
Corpus Christi, TX 78401-2042

3 Lee Transport LLC
7934 Radiant Star
San Antonio, TX 78252-2817

3 Lee Transport LLC
Jonathan Lee Gonzalez
3123 Fidelia
San Antonio, TX 78224-2916

9/0 Properties LLC
1221 Hwy 72 E
Three Rivers, TX 78071-2609

9/0 Transport & Sales, Inc.
1221 HWY 72
Three Rivers, TX 78071-2609

ANDERSON MACHINERY COMPANY
Jim Anderson
6535 Leopard St
Corpus Christi, TX 78409-1608

Accident Fund Insurance Company of America
1999 Bryan Street Suite 900
Dallas, TX 75201-3140

(p)AF GROUP
ATTN GEOFFREY PAVLIC
200 N GRAND AVE
LANSING MI 48933-1228

Aggregate Haulers, LP
4772 FM 482
New Braunfels, TX 78132-4996

Ally Automotive Financing
Attn Bankruptcy Dept
P. O. Box 130424
Saint Paul, MN 55113-0004

Ally Bank c/o AIS Portfolio Services, LLC
Dept. APS
4515 N. Santa Fe Ave.
Oklahoma City, OK 73118-7901

Anderson Columbia
PO Box 1829
Lake City, FL 32056-1829

Anderson Machinery Company
5309 US Highway 59 N
Victoria, TX 77905-5802

B&G Materials
3732 Lake St.
Houston, TX 77098-5522

B&G Materials LLC
PO Box 969
Beeville, TX 78104-0969

B&G Materials LLC
c/o Robert L Beck
2171 Ellis Rd
Beeville, TX 78102-8903

BMO Bank N.A.
P.O. Box 3040
Cedar Rapids IA 52406-3040

BMO Bank National Association
c/o CT Corporation System
1999 Bryan St 900
Dallas, TX 75201-3140

BMO Transportation Finance
300 E John Carpenter Fwy Suite 500
Irving, TX 75062-2370

Billy Bruce
1075 HWY 72
Three Rivers, TX 78071-2589

Bobwhite Energy Services LLC
1066 Coletoville Rd E
Victoria, TX 77905-3206

Brazos Trailer Manufacturing, LLC
22488 Interstate 20 N Access Rd
Wills Point, TX 75169

CEMEX Construction Materials South, LLC
16100 Dillard Drive
Jersey Village, Texas 77040-2077

(p)CATERPILLAR FINANCIAL SERVICES CORPORATION
2120 WEST END AVENUE
NASHVILLE TN 37203-5341

Cellco Partnership d/b/a Verizon Wireless
c/o William M Vermette
22001 Loudoun County Pkwy
Ashburn, VA 20147-6122

Cemex, Inc
Corporate Creations Network Inc.
5444 Westheimer 1000
Houston, TX 77056-5318

(p)CHANNEL PARTNERS CAPITAL  LLC
ATTN JEFF LOTHERT
1111 E COLLEGE DRIVE SUITE 200
MARSHALL MN 56258-1979

Comptroller of Public Accounts
C/O Office of the Attorney General
Bankruptcy - Collections Division MC-008
PO Box 12548
Austin TX 78711-2548

Curl Stahl Geis, A Professional Corporation
700 North St. Mary's Street Suite 1
San Antonio, TX 78205-3507

Daimler Truck Financial Services USA LLC
14372 Heritage Parkway Suite 400
Fort Worth, TX 76177-3300

(p)DE LAGE LANDEN FINANCIAL
ATTN LITIGATION & RECOVERY
1111 OLD EAGLE SCHOOL ROAD
WAYNE PA 19087-1453

De Lage Landen Financial Services, Inc.
PO Box 824018
Philadelphia, PA 19182-4018

Devon Energy Production Company, L.P.
Attn: Procurement Administration
333 West Sheridan Avenue
Oklahoma City, OK 73102-5010

EBF Holdings, LLC d/b/a Everest Business Fun
c/o Michael W. Davis
 DTO Law
601 S. Figueroa Street 2130
Los Angeles, CA 90017-5729

Everest Business Funding
102 W 38th St Fl 6
New York, NY 10018-3664

Far South Mining LLC
8845 W Loop 1604 N
San Antonio, TX 78254-9519

First State Bank of Texas
Attn: Legal Dept
PO Box 550
Three Rivers, TX 78071-0550

(p)FORD MOTOR CREDIT COMPANY
P O BOX 62180
COLORADO SPRINGS CO 80962-2180

Gordon, Arata, Montgomery, Barnett, Mccollam
1001 Fannin Street Suite 3850
Houston, TX 77002-6799

Holt CAT
5665 S East Loop 410
San Antonio, TX 78222-3903

Holt Cat
PO Box 207916
San Antonio, TX 78220-7916

IPFS Corporation
P.O. Box 412086
Kansas City, MO 64141-2086

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

KRIEWALD 90, LLC
1 IMPERIAL OAKS
SAN ANTONIO, TX 78248-1609

Kriewald 90 LLC
1 Imperial Oaks Drive
San Antonio, TX 78248-1609

Lhoist North America of Texas LLC
THE PRENTICE-HALL CORPORATION SYSTEM, IN
211 E. 7th Street 620
Austin, TX 78701-3218

Lhoist North America of Texas, LLC
5274 Paysphere Circle
Chicago, IL 60674-0052

Live Oak CAD
c/o Diane W. Sanders
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 17428
Austin, TX 78760-7428

Matthew Clay Muniz
1221 HWY 72
Three Rivers, TX 78071-2609

Mitsubishi HC Capital American Inc
Attn: Legal Dept
7808 Creekridge Circle Suite 250
Minneapolis, MN 55439-2647

Nueces Power Equipment
7510 IH 37
Corpus Christi, TX 78409-2810

Nueces Power Equipment
PO Box 4789
Corpus Christi, TX 78469-4789

OSC
PO Box 6012
Corpus Christi, TX 78466-6012

OSC Energy, LLC
952 FM 99
Whitsett, TX 78075-3001

On Deck
4700 W Daybreak Pkwy Suite 200
South Jordan, UT 84009-5133

On Deck Capital Inc
4700 W Daybreak Pkwy. Ste 200
South Jordan UT 84009-5133

Patrick Copeland
PO Box 982
Three Rivers, TX 78071-0982

Pilot
PO Box 677732
Dallas, TX 75267-7732

Propella Capital LLC
1820 Avenue M #432
Brooklyn, NY 11230-5347

RG Vac
947 Deer Ln
Laredo, TX 78045-8233

RLI Insurance
Dept 3320
PO Box 844122
Kansas City, MO 64184-4122

RWC
PO Box 366
Cotulla, TX 78014-0366

RWC Material, LLC
PO Box 366
Cotulla, TX 78014-0366

Schuster Trucking LLC
4432 County Road 422
Pleasanton, TX 78064-6026

Simpson Crushed Stone
1948 County Rd 1234
Nemo, TX 76070-3003

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

Texas First CAT Rentals
PO Box 650869
Dallas, TX 75265-0869

Texas Materials
1320 Arrow Point Dr 78613-2189

Texas Materials Group, Inc.
900 Ashwood Parkway, Suite 600
Atlanta, GA 30338-7501

Texas State Rentals
803 SE Loop 410
San Antonio, TX 78220-2625

Texas Workforce Commission
Collection and Civil Action Unit
Office of Attorney General
Bankruptcy & Collection
PO BOX 12548, MC-008
Austin, TX  78711-2548

The Lane Law Firm
1555 State St
Salem, OR 97301-4255

Trio Capital
330 Fellowship Road
Mount Laurel, NJ 08054-1207

U.S. Bank
1310 Madrid Street
Marshall, MN 56258-4099

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

U.S. Small Business Administration (SBA) - A
Little Rock Commercial Loan Servicing Ce
2120 Riverfront Drive 100
Little Rock, AR 72202-1794

US Trustee
615 E. Houston Street
Suite 533
San Antonio, TX 78205-2055

UniFirst
PO Box 2867
Corpus Christi, TX 78403-2867

Unique Funding Solutions LLC
1915 Hollywood Blvd Suite 200A
Hollywood, FL 33020-4547

Unique Funding Solutions, LLC
c/o Kaminski Law PLLC
P.O. Box 247
Grass Lake, MI 49240-0247

United Rentals
10330 David Taylor Dr
Charlotte, NC 28262-2334

United Rentals
PO Box 84514
Dallas, TX 75284-0001

Verizon Connect (GPS)
PO Box 15403
Albany, NY 12212

Waukesha-Pearce Industries LLC
PO Box 35068
Houston, TX 77235-5068

Waukesha-Pearce Industries, LLC
c/o Jon D. Totz
2211 Norfolk St, Ste 510
Houston, TX 77098-4048

eProduce LLC
101 Riverwood
Boerne, TX 78006-5788

Melissa A Haselden
Haselden Farrow PLLC
Pennzoil Place
700 Milam
Suite 1300
Houston, TX 77002-2736

Robert C Lane
The Lane Law Firm
6200 Savoy Dr Ste 1150
Houston, TX 77036-3369

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Accident Fund Insurance Company of America
c/o Geoffrey T. Pavlic
200 N. Grand
Lansing, MI 48933

Caterpillar Financial Services Corp.
2120 West End Ave
Nashville, TN 37203-5251

Channel Partners Capital, LLC
10900 Wayzata Blvd, Ste 300
Minnetonka, MN  55305

De Lage Landen Financial Services, Inc.
1111 Old Eagle School Road
Wayne, PA 19087

Ford Motor Credit Company LLC
c/o National Bankruptcy Service Center
PO Box 62180
Colorado Springs, CO 80962

Texas Comptroller
111 E. 17th Street
Austin, TX 78774

U.S. Bank
P.O. Box 1950
Saint Paul, MN 55101-0950

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)BMO Bank N.A.

(u)Live Oak CAD

(u)Unique Funding Solutions, LLC

(d)Ally Bank c/o AIS Portfolio Services, LLC
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

(d)Anderson Columbia Co., Inc.
PO Box 1829
Lake City, FL 32056-1829

(u)Asset Collections Inc FTBO Pilot Thomas

```
(d)Ford Motor Credit Company, LLC c/o AIS Por
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901
```

```
End of Label Matrix
Mailable recipients    97
Bypassed recipients     7
Total                  104
```

| Class 3 Creditors | Total Claim | Year 1 - Distribution $25,041.00 | Year 2 - Distribution $26,441.00 | Year 3 - Distrubution $29,591.00 | Year 4 - Distribution $70,454.80 | Year 5 - Distribution $174,604.80 | Total Distribution at 18.58% over 5 Plan Term Total |
|---|---|---|---|---|---|---|---|
| 3 Lee Transport | $1,100.00 | $15.70 | $16.58 | $18.55 | $44.18 | $109.48 | $204.49 |
| Accident Fund Insurance Company of America (POC 24-1) | $230,400.00 | $3,288.61 | $3,472.48 | $3,886.16 | $9,252.77 | $22,930.71 | $42,830.73 |
| Aggregate Haulers LP | $176,157.32 | $2,514.38 | $2,654.96 | $2,971.25 | $7,074.41 | $17,532.17 | $32,747.16 |
| Ally Bank (POC 1-1) | $5,189.95 | $74.08 | $78.22 | $87.54 | $208.43 | $516.53 | $964.80 |
| Ally Bank (POC 3-1) | $11,835.30 | $168.93 | $178.38 | $199.63 | $475.30 | $1,177.92 | $2,200.15 |
| Ally Bank (POC 6-1) | $4,832.33 | $68.97 | $72.83 | $81.51 | $194.06 | $480.94 | $898.32 |
| Ally Bank (POC 7-1) | $5,000.00 | $71.37 | $75.36 | $84.34 | $200.80 | $497.63 | $929.49 |
| Anderson Columbia Co (POC 11-1) | $42,004.46 | $599.55 | $633.07 | $708.49 | $1,686.88 | $4,180.52 | $7,808.51 |
| Anderson Machine Company | $2,242.15 | $32.00 | $33.79 | $37.82 | $90.04 | $223.15 | $416.81 |
| B&G Materials (POC 13-1) | $75,303.00 | $1,074.84 | $1,134.93 | $1,270.14 | $3,024.14 | $7,494.58 | $13,998.62 |
| Billy Bruce | $65,000.00 | $927.78 | $979.65 | $1,096.36 | $2,610.37 | $6,469.17 | $12,083.32 |
| BMO (POC 2-2) | $5,004.34 | $71.43 | $75.42 | $84.41 | $200.97 | $498.06 | $930.29 |
| Caterpillar Financial Services | $6,665.00 | $95.13 | $100.45 | $112.42 | $267.66 | $663.34 | $1,239.01 |
| Cemex Inc | $172,800.00 | $2,466.46 | $2,604.36 | $2,914.62 | $6,939.58 | $17,198.03 | $32,123.05 |
| Channel Partners Capital LLC (POC 15-1) | $42,620.16 | $608.34 | $642.35 | $718.88 | $1,711.61 | $4,241.80 | $7,922.97 |
| Daimer Truck Financial | $2,000.00 | $28.55 | $30.14 | $33.73 | $80.32 | $199.05 | $371.79 |
| eProduce LLC | $18,000.00 | $256.92 | $271.29 | $303.61 | $722.87 | $1,791.46 | $3,346.15 |
| Far South Mining | $29,304.00 | $418.27 | $441.66 | $494.27 | $1,176.84 | $2,916.50 | $5,447.53 |
| First State Bank of Texas (POC 16-1) | $5,190.00 | $74.08 | $78.22 | $87.54 | $208.43 | $516.54 | $964.81 |
| First State Bank of Texas (POC 17-1) | $13,428.58 | $191.67 | $202.39 | $226.50 | $539.29 | $1,336.49 | $2,496.34 |
| Ford Motor Company (POC 5-1) | $5,000.00 | $71.37 | $75.36 | $84.34 | $200.80 | $497.63 | $929.49 |
| Holt Cat | $40,204.07 | $573.85 | $605.94 | $678.12 | $1,614.58 | $4,001.34 | $7,473.83 |

EXHIBIT C

| | | | | | | |
|---|---|---|---|---|---|---|
| Internal Revenue Service (POC 9-2) | $207,636.10 | $2,963.69 | $3,129.39 | $3,502.20 | $8,338.58 | $20,665.11 | $38,598.98 |
| IPFS Corporation | $10,503.28 | $149.92 | $158.30 | $177.16 | $421.81 | $1,045.35 | $1,952.53 |
| Kriewald 90 LLC (POC 28-1) | $2,000.00 | $28.55 | $30.14 | $33.73 | $80.32 | $199.05 | $371.79 |
| Lhoist North America of Texas LLC | $6,657.49 | $95.03 | $100.34 | $112.29 | $267.36 | $662.59 | $1,237.61 |
| Mitsubishi HC Capital American | $8,872.00 | $126.63 | $133.71 | $149.64 | $356.30 | $882.99 | $1,649.28 |
| Nueces Power Company | $15,702.92 | $224.14 | $236.67 | $264.86 | $630.62 | $1,562.84 | $2,919.13 |
| On Deck (POC 21-1) | $39,759.06 | $567.50 | $599.23 | $670.62 | $1,596.71 | $3,957.05 | $7,391.10 |
| OSC Energy (POC 23-1) | $14,827.58 | $211.64 | $223.47 | $250.10 | $595.47 | $1,475.72 | $2,756.41 |
| Patrick Copeland | $98,000.00 | $1,398.80 | $1,477.01 | $1,652.97 | $3,935.64 | $9,753.51 | $18,217.93 |
| Pilot Thomas Asset Collection (POC 12-1) | $4,665.80 | $66.60 | $70.32 | $78.70 | $187.38 | $464.37 | $867.36 |
| RG Vac | $76,076.50 | $1,085.88 | $1,146.59 | $1,283.18 | $3,055.20 | $7,571.56 | $14,142.41 |
| RLI Insurance | $2,197.00 | $31.36 | $33.11 | $37.06 | $88.23 | $218.66 | $408.42 |
| RWC Materials (POC 26-1) | $28,267.19 | $403.47 | $426.03 | $476.78 | $1,135.20 | $2,813.31 | $5,254.79 |
| Schuster Trucking LLC | $18,080.00 | $258.06 | $272.49 | $304.96 | $726.09 | $1,799.42 | $3,361.02 |
| Simpson Crushed Stone | $6,275.78 | $89.58 | $94.59 | $105.85 | $252.03 | $624.60 | $1,166.65 |
| Texas First CAT Rentals | $18,390.11 | $262.49 | $277.17 | $310.19 | $738.54 | $1,830.29 | $3,418.67 |
| Texas Materials (POC 20-1) | $110,110.00 | $1,571.65 | $1,659.52 | $1,857.23 | $4,421.97 | $10,958.77 | $20,469.15 |
| Texas State Rentals | $59,899.26 | $854.97 | $902.77 | $1,010.32 | $2,405.53 | $5,961.51 | $11,135.11 |
| US Bank | $39,000.00 | $556.67 | $587.79 | $657.81 | $1,566.22 | $3,881.50 | $7,249.99 |
| UniFirst | $5,000.00 | $71.37 | $75.36 | $84.34 | $200.80 | $497.63 | $929.49 |
| United Rentals | $1,566.47 | $22.36 | $23.61 | $26.42 | $62.91 | $155.90 | $291.20 |
| Verizon Wireless (POC 27-1) | $3,464.62 | $49.45 | $52.22 | $58.44 | $139.14 | $344.82 | $644.06 |
| Waukesha-Pearce Industries LLC (POC 28-1) | $18,138.28 | $258.90 | $273.37 | $305.94 | $728.43 | $1,805.22 | $3,371.86 |
| | $1,754,370.10 | $25,041.00 | $26,441.00 | $29,591.00 | $70,454.80 | $174,604.80 | $326,132.60 |